**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 15-cv-02135-RBJ

FIBER, LLC, A WYOMING LIMITED LIABILITY COMPANY
        Plaintiff/Counterclaim Defendant

v.

ALCATEL-LUCENT USA INC., A DELAWARE CORPORATION
        Defendant/Counterclaimant

---

**REPLY TO COUNTERCLAIMS**

Plaintiff/Counterclaim Defendant, Fiber, LLC, a Wyoming limited liability company ("Plaintiff"), through its counsel Lewis Brisbois Bisgaard & Smith LLP, hereby replies to the counterclaims of Defendant/Counterclaimant, Alcatel-Lucent USA Inc. as follows:

**REPLY TO COUNTERCLAIMS**

Plaintiff incorporates its allegations contained in its Complaint.

**THE PARTIES**

1. Defendant Alcatel-Lucent USA Inc. ("ALU-USA") is a Delaware corporation organized and existing under the laws of the State of Delaware with its principal place of business at 600-700 Mountain Avenue, Murray Hill, New Jersey 07974.

    ANSWER: Admitted.

2. On information and belief, Plaintiff Fiber, LLC ("Fiber") is a Wyoming corporation with its principal place of business at 621 17th Street, Suite 801, Denver, Colorado 80293.

    ANSWER: Admitted.

## JURISDICTION AND VENUE

3. Subject to ALU-USA's affirmative defenses and denials, this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1367, 1338(a), 2201, and 2202.

ANSWER: Admitted that the Court has subject matter jurisdiction over Defendants' counterclaims, otherwise denied.

4. ALU-USA maintains its right to seek a transfer of venue on *forum non-conveniens* grounds or pursuant to 28 U.S.C. § 1404. In the event of such transfer, ALU-USA consents to the transfer of its counterclaims set forth herein to the transferee forum. To the extent that this action remains in this Judicial District, venue is appropriate because Fiber has consented to the propriety of venue in this Court by filing its claims for patent infringement in this Court, in response to which these counterclaims are asserted.

ANSWER: Admitted that Fiber has consented to venue in this Court, and ALU-USA has filed counterclaims in this Court, otherwise denied.

5. This Court has personal jurisdiction over Fiber because, at a minimum, its principal place of business is in this Judicial District and has subjected itself to same by filing the underlying action for alleged infringement.

ANSWER: Admitted.

## COUNT ONE
### Declaratory Judgment of Noninfringement of U.S. Patent No. 6,430,332

6. ALU-USA restates and incorporates by reference its allegations in paragraphs 1 through 5 of its Counterclaims.

ANSWER: Plaintiff incorporates its foregoing responses.

7. By virtue of the Complaint in this action and ALU-USA's Answer above, an actual case or controversy exists between Fiber and ALU-USA regarding the issue of noninfringement of U.S. Patent No. 6,430,332 ("the '332 patent").

ANSWER: Admitted, that an actual case or controversy exists between Fiber and ALU-USA regarding the issue of infringement of the '332 patent, otherwise denied.

8. A judicial determination is necessary and appropriate so that ALU-USA may ascertain its rights regarding the '332 patent.

ANSWER: Admitted

9. ALU-USA has not infringed and does not infringe any valid and enforceable claim of the '332 patent, either literally or under the doctrine of equivalents.

ANSWER: Denied.

## COUNT TWO
### Declaratory Judgment of Invalidity of U.S. Patent No. 6,430,332

10. ALU-USA restates and incorporates by reference its allegations in paragraphs 1 through 9 of its Counterclaims.

ANSWER: Plaintiff incorporates its foregoing responses.

11. By virtue of the Complaint in this action and ALU-USA's Answer above, an actual case or controversy exists between Fiber and ALU-USA regarding the issue of invalidity of the '332 patent.

ANSWER: Admitted.

12. A judicial determination is necessary and appropriate so that ALU-USA may ascertain its rights regarding the '332 patent.

ANSWER: Admitted.

13. The '332 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

ANSWER: Denied.

## COUNT THREE
### Declaratory Judgment of Noninfringement of U.S. Patent No. 7,095,917

14. ALU-USA restates and incorporates by reference its allegations in paragraphs 1 through 13 of its Counterclaims.

ANSWER: Plaintiff incorporates its foregoing responses.

15. By virtue of the Complaint in this action and ALU-USA's Answer above, an actual case or controversy exists between Fiber and ALU-USA regarding the issue of noninfringement of U.S. Patent No. 7,095,917 ("the '917 patent").

ANSWER: Admitted, that an actual case or controversy exists between Fiber and ALU-USA regarding the issue of infringement of the '917 patent, otherwise denied.

16. A judicial determination is necessary and appropriate so that ALU-USA may ascertain its rights regarding the '917 patent.

ANSWER: Admitted.

17. ALU-USA has not infringed and does not infringe any valid and enforceable claim of the '917 patent, either literally or under the doctrine of equivalents.

ANSWER: Denied.

## COUNT FOUR
### Declaratory Judgment of Invalidity of U.S. Patent No. 7,095,917

18. ALU-USA restates and incorporates by reference its allegations in paragraphs 1 through 17 of its Counterclaims.

ANSWER: Plaintiff incorporates its foregoing responses.

19. By virtue of the Complaint in this action and ALU-USA's Answer above, an actual case or controversy exists between Fiber and ALU-USA regarding the issue of invalidity of the '917 patent.

ANSWER: Admitted

20. A judicial determination is necessary and appropriate so that ALU-USA may ascertain its rights regarding the '917 patent.

ANSWER: Admitted.

21. The '917 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

ANSWER: Denied.

### DEFENDANTS' PRAYER FOR RELIEF

Plaintiff denies that Defendants are entitled to any relief whatsoever from Plaintiff or the Court, either as prayed for in Defendants' counterclaims or otherwise. Plaintiff incorporates by reference herein its prayer for relief contained in its Complaint.

Dated:  December 8, 2015 Respectfully Submitted,

By: s/ Thomas A. Dougherty
Thomas A. Dougherty
George G. Matava
Donald E. Lake, III
LEWIS BRISBOIS BISGAARD & SMITH LLP
1700 Lincoln Street, Suite 4000
Denver, Colorado 80203
(303) 861-7760

and

Steven M. Shape
LEWIS BRISBOIS BISGAARD & SMITH LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
(312) 345-1718

Attorneys for Fiber, LLC

## CERTIFICATE OF SERVICE

   I hereby certify that on this this 8th day of December, 2015, I presented the foregoing REPLY TO COUNTERCLAIMS to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of the filing to the following:

Robert R. Brunelli
Hiwot Molla Covell
SHERIDAN ROSS, P.C.
1560 Broadway, Suite 1200
Denver, CO 80202-5141
(303) 863-2998
Fax: (303) 863-0223
Email: rbrunelli@sheridanross.com
   hcovell@sheridanross.com

Robert F. Perry
Allison Hoch Altersohn
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036-2601
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
Email: rperry@kslaw.com
   aaltersohn@kslaw.com

                s/ Thomas A. Dougherty