IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02135-RBJ

FIBER, LLC, a Wyoming limited liability company

    Plaintiff,

v.

ALCATEL-LUCENT USA INC., a Delaware corporation

    Defendant.

---

**PROPOSED SCHEDULING ORDER IN A PATENT CASE**

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Scheduling Conference in this matter is set to take place at 8:30 a.m. on Thursday, January 21, 2016 before Judge R. Brooke Jackson in Courtroom A-902 of the Alfred A. Arraj United States Courthouse located at 901 19th Street, Denver, Colorado. The parties anticipate that the following counsel will appear in person:

For plaintiff Fiber, LLC:

    George G. Matava, Tripp Lake, and Thomas A. Dougherty of Lewis Brisbois Bisgaard & Smith, LLP, 1400 Lincoln Street, Suite 4000, Denver, Colorado, 80203, (303) 861-7760;

For Defendant Alcatel-Lucent USA Inc.:

    Robert R. Brunelli and Hiwot Molla Covell, Sheridan Ross, P.C., 1560 Broadway, Suite 1200, Denver, Colorado 80202-5141, (303) 863-2998, and Allison H. Altersohn, King & Spalding, LLP, 1185 Avenue of the Americas, New York, New York 10036, (212) 556-2100.

## 2. STATEMENT OF JURISDICTION

The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action presents a federal question under the Patent Act, 35 U.S.C. § 271 *et seq*.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff: Fiber, LLC (hereinafter "Fiber") owns by assignment U.S. Patent No. 6,430,332 B1 ("the '332 Patent") and U.S. Patent No. 7,095,917 B2 ("the '917 Patent") (collectively, the "patents-in-suit"). Fiber alleges that Defendant Alcatel-Lucent USA Inc. (hereinafter "ALU-USA") has infringed, literally or under the doctrine of equivalents, one or more claims of the patents-in-suit by their unauthorized manufacture, distribution and/or sale of accused products at issue in this case. The accused products include, but are not limited to, products marketed and sold by Defendant as 1625 LambdaXreme, 1626 Light Manager family, 1695 WSM, 1696 MS ROADM, 1830 Photonic Service Switch Family, 1850 TSS with ROADM, 1850 TSS with DTN, SLM, and other wavelength selective switch (WSS) and reconfigurable optical add drop multiplexer (ROADM) products. Such accused products infringe, literally or under the doctrine of equivalents, the '332 Patent, including at least Claims 101, 125-126, 130, and 132; and the '917 Patent, including at least Claims 27, and 67, 68, and 70. Fiber further claims that Defendant's infringement of the patents-in-suit was and is willful and in wanton disregard of Fiber's patent rights. Plaintiff denies Defendant's contentions that this is an exceptional case, warranting an award of attorney's fees or costs in favor of Defendant.

b. Defendant: Defendant Alcatel-Lucent USA Inc. ("ALU-USA") answered Fiber's Complaint for Patent Infringement on November 20, 2015 and asserted counterclaims of non-

infringement and invalidity of the patents-in-suit. ALU-USA denies that it infringes any valid and enforceable claim of the patents-in-suit, either literally or under the doctrine of equivalents. ALU-USA also asserts that (i) the claims of the patents-in-suit are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112; (ii) Fiber is estopped, based on statements, representations, and admissions made during prosecution of the applications that led to the patents-in-suit from asserting any interpretation of the claims of those patents that would be broad enough to cover any of ALU-USA's products or methods alleged to infringe those patents, either literally or under the doctrine of equivalents; (iii) Fiber's claims are barred, in whole in part, by the doctrine of laches and/or waiver; (iv) Fiber is not entitled to injunctive relief under any theory, including without limitation, because any alleged injury to Fiber is not immediate or irreparable, Fiber has an adequate remedy at law, and/or public policy concerns weigh against any injunctive relief; (v) any claim by Fiber for damages is limited by 35 U.S.C. §§ 286 or 287, and Fiber is barred by 35 U.S.C. § 288 from recovering costs associated with this action; (vi) Fiber is not entitled to treble damages under 35 U.S.C. § 284 because Fiber has failed to meet, and cannot meet as a matter of law, the requirements for willful infringement; (vii) on information and belief, Fiber does not have full right, title and interest to the patents-in-suit and lacks standing to bring this action for alleged infringement of such patents; and/or (viii) to the extent certain products accused of infringing the patents-in-suit are used by and/or manufactured for the United States Government, Fiber's claims against ALU-USA with respect to such products may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

    c.    Other Parties: None.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

a. Plaintiff Fiber, LLC is a Wyoming limited liability company with its principal place of business at 621 17th Street, Suite 801, Denver, Colorado 80293.

b. Defendant Alcatel-Lucent USA Inc. is a Delaware corporation with its principal place of business at 600-700 Mountain Avenue, Murray Hill, NJ, 07974.

c. Information on the face of U.S. Patent No. 6,430,332 ("the '332 Patent") indicates that the '332 Patent issued from Patent Application No. 09/310,285 ("the '285 Application") filed with the U.S. Patent and Trademark Office ("USPTO") on May 12, 1999, identifies Herzel Laor, David A. Krozier, and Leo A. Plouffe as the named inventors, is entitled "OPTICAL SWITCHING APPARATUS", bears an issue date of August 6, 2002, and indicates that the '332 Patent claims the benefit of Provisional Application No. 60/088,239, filed June 5, 1998.

d. Information on the face of U.S. Patent No. 7,095,917 ("the '917 patent") indicates that the '917 Patent issued from Patent Application No. 10/197,636 filed with USPTO on June 17, 2002, which was filed as a Continuation of the '285 Application, identifies Herzel Laor, David A. Krozier, and Leo A. Plouffe as the named inventors, is entitled "OPTICAL SWITCHING APPARATUS", bears an issue date of August 22, 2006, and indicates that the '917 Patent claims the benefit of Provisional Application No. 60/088,239, filed June 5, 1998.

e. On June 4, 2013, JDS Uniphase ("JDSU") filed an Inter Partes Review ("IPR") petition with the Patent Trial and Appeal Board ("PTAB") challenging the patentability of Claims 101, 112, 123-134 of the '332 Patent.

f. On June 7, 2013, JDSU filed an IPR petition with the PTAB challenging the patentability of Claims 1, 27, and 53-74 of the '917 Patent.

g. The PTAB initiated Trials on all of the challenged claims except claim 101 of the '332 Patent and claim 27 of the '917 Patent.

h. Final decisions on the IPR proceedings were issued on December 5, 2014. The PTAB found that JDSU had shown that claims 112, 123, 124, 127, 129, 131, 133, and 134 of the '332 Patent, and claims 1, 53-66, 69, and 71-74 of the '917 Patent, were unpatentable, but that JDSU had not shown that claims 125, 126, 128, 130, and 132 of the '332 Patent, or claims 67, 68, and 70 of the '917 Patent, were unpatentable. The final decisions of the PTAB were not appealed.

## 5. COMPUTATION OF DAMAGES

a. Plaintiff: As discovery is just commencing, Fiber is unaware of the extent of the damage caused by Defendant's infringement of the patents-in-suit as alleged in Fiber's Complaint. Accordingly, Fiber has not yet calculated all aspects of its damages at issue in this case. Fiber will seek an award of damages against the Defendant adequate to compensate Fiber for past and future infringement in an amount that is in no event less than a reasonable royalty, plus attorneys' fees, costs, prejudgment interest, and post-judgment interest. Moreover, Plaintiff will seek an additional sum on account of the willful, intentional and deliberate character of Defendant's infringing acts pursuant to 35 U.S.C. § 284; along with non-monetary relief in the form of a permanent final injunction against continuing infringement the Defendant and all persons or entities related to it.

b. Defendant: ALU-USA believes that Fiber is not entitled to any damages. ALU-USA is continuing its investigation and reserves the right to modify or supplement as appropriate. If the facts warrant, ALU-USA requests that the Court find this action is an exceptional case under 35 U.S.C. § 285 and award ALU-USA its reasonable costs and attorneys' fees.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) Meeting.

Counsel for the parties conducted a Rule 26(f) meeting on November 6, 2015.

b. Names of each participant and party he/she represented.

George Matava, and Thomas A. Dougherty, representing Fiber, and Rob Brunelli representing ALU-USA, attended the Rule 26(f) meeting. George Matava, on behalf of Fiber, provided a draft of this Scheduling Order to Mr. Brunelli on November 4, 2015.

c. Statement as to when Rule 26(a)(1) Disclosures were made or will be made.

The parties agreed to and exchanged their Rule 26(a)(1) disclosures on December 15, 2015, and further agreed to not serve discovery until sometime after a Scheduling Order is entered in this case.

d. Statement concerning any agreements to conduct informal discovery:

None.

e. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:

The parties have agreed to the following procedures:

(1) The parties will use a unified exhibit numbering system.

6

(2) The Parties have agreed that all privileged communications or attorney work product generated after the filing of the original complaint in this action, do not need to be logged on a privilege log. The Parties have also agreed that notwithstanding anything else contained herein, all privileged communications and attorney work product pertaining to the IPRs of the patents-in-suit between ALU-USA (and its counsel) and JDSU (and its counsel) (including all Viavi and Lumentum companies and subsidiaries) shall be logged on a privilege log. The Parties have agreed that Fiber's privileged communications and attorney work product with respect to the IPRs and other litigations of the patents-in-suits, other than privileged communications related to third party optical components (e.g., WSS components) used in the allegedly infringing products of ALU-USA, do not need to be logged on a privilege log.

f. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties do anticipate that their claims or defenses will involve some discovery of electronically stored information "ESI". The parties have discussed details relating to ESI, and have reached preliminary agreement regarding such details. The Parties will continue to discuss and work toward an ESI agreement.

The Parties' attorneys have notified the respective Parties about their obligations to preserve evidence, including electronically stored information.

g. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties are continuing to engage in discussions regarding the possibilities for promptly settling or resolving the case. On November 6, 2015, George Matava, and Thomas A. Dougherty representing Fiber, and Rob Brunelli representing Alcatel-Lucent, met to discuss possible ways to resolve this dispute.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a Magistrate Judge.

## 8. CASE PLAN AND SCHEDULE

a. Deadline to join parties: **February 5, 2016**.

**Infringement Contentions**

b. Deadline to serve Infringement Contentions, Claim Chart(s), and produce accompanying documents: **March 4, 2016**.

c. Deadline to serve Response to Infringement Contentions and produce accompanying documents: **April 28, 2016**.

**Invalidity Contentions**

d. Deadline to serve Invalidity Contentions and Claim Chart(s) and produce accompanying items of prior art: **April 28, 2016**.

e. Deadline to serve Response to Invalidity Contentions and Claim Chart(s) and produce accompanying documents: **June 9, 2016**.

**Opinion of Counsel**

f. Deadline to make opinion(s) of counsel available for inspection and copying: 60 days before the close of Discovery.

**Claim Construction**

g. Deadline for parties to exchange list of claim terms to be construed and proposed construction, specifically identifying up to ten (10) of the most critical terms to be construed: **June 30, 2016.**

h. Deadline to file Joint Disputed Claim Terms Chart: **July 28, 2016.**

i. Proposed month for technology tutorial with District Judge and Magistrate Judge (optional): **November 2016.**

j. Deadline to file opening Claim Construction brief and all supporting evidence: **August 25, 2016.**

k. Deadline to file Response to opening Claim Construction brief and all supporting evidence: **September 29, 2016.**

l. Deadline to file reply brief in support of opening Claim Construction brief: **October 6, 2016.**

m. Proposed month for claim construction hearing and estimated time necessary for the hearing. **November 2016. Four (4) hours.**

**Final Patent Disclosures**

n. Deadline to file Final Infringement Contentions: 28 days after Court's Claim Construction Order

o. Deadline to file Final Invalidity Contentions: 21 days after receiving Final Infringement Contentions

*[Handwritten annotations at top: "3/31/17 fact discovery", "5/31/17 – all discovery expert"]*

**Fact Discovery, Expert Disclosures, and Dispositive Motions Deadlines**

p. **Fact discovery deadline. 63 days after entry of the Court's Claim Construction Order.** The parties will serve all written discovery such that a timely answer is due no later than on or before the close of fact discovery.

q. Expert Witness Disclosure.

    1. The parties shall identify anticipated fields of expert testimony, if any.

    Plaintiff: Technical, damages, and Patent Office Practice.

    Defendant: Non-infringement, invalidity, and damages. ALU-USA does not believe an expert Patent Office Practice is necessary; however, to the extent Fiber is permitted to have one, it reserves the right to have an expert in this field as well.

    2. Limitations which the parties propose on the use or number of expert witnesses.

    Plaintiff: Three (3) experts per side.

    Defendant: Three (3) or Four (4) experts per side, depending on whether an expert on Patent Office Practice is permitted.

    3. The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **35 days after close of fact discovery**.

    4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **35 days after service of initial expert reports**.

r. Expert Discovery Deadline: **28 days after service of rebuttal expert reports**.

s. Dispositive motions deadline: **28 days after close of expert discovery**.

The parties shall file, contemporaneously with the completion of claim construction briefing, a "Joint Motion for Determination," which will serve as notice to the court that briefing has been completed.

### 9. DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive number of depositions or interrogatories contained in the Federal Rules.

  (i) <u>Interrogatories</u>: Twenty-five (25) interrogatories, including all discrete subparts, may be served on each party.

  (ii) <u>Depositions</u>: See section 9(b) below for the Parties' proposals on the number of depositions.

b. Limitations which any party proposes on the length of depositions.

Plaintiff: Fiber proposes the Parties follow the Federal Rules of Civil Procedure with respect to limitations on depositions, and proposes ten (10) per Party of each Party's witnesses with respect to sections (i)-(iv) below. A 30(b)6 depositions shall count as one deposition regardless of the number of witnesses designated.

Defendant: ALU-USA proposes the Parties apply hours-based limitations as described below, rather than limitations on the number of depositions:

  (i) <u>Fact Depositions of Parties</u>: Except as additionally provided in subsections (ii) and (iii) of this paragraph, the following limitations shall apply to fact depositions of the parties: The parties may take a total of twenty-one (21)

11

hours of combined 30(b)(1) and 30(b)(6) deposition testimony of the other party, including its officers, directors, and/or employees.

(ii) Depositions of Inventors: ALU-USA may take up to seven (7) hours of deposition testimony of each named inventor of the patents-in-suit. Fiber may, at its option, take up to seven (7) hours of deposition testimony of each named inventor of the patents-in-suit that is not employed by or under the control of Fiber.

(iii) Depositions of Prosecuting Attorneys: ALU-USA may take up to seven (7) hours of deposition testimony of each of the prosecuting attorneys of the patents-in-suit.

(iv) Fact Depositions of Third Parties: For non-parties that are neither inventors nor prosecuting attorneys, each side shall additionally be permitted up to seventy (70) hours of deposition testimony.

(v) Expert Depositions: The Parties agree that Expert depositions shall be limited to seven (7) hours per expert per substantive topic (e.g., infringement/non-infringement, validity/invalidity).

c. Limitations which any party proposes on the number of requests for production and/or requests for admission.

(i) Request for Production: Fifty (50) requests for production may be served on each party.

(ii) Requests for Admission: Fifty (50) substantive requests for admission may be served on each party. Notwithstanding the foregoing, there shall be no

12

limitations on the number of requests for admission any party may use solely for the purpose of authentication of evidence.

d. Other Planning or Discovery Orders

1. Deadline for filing proposed protective order(s): **February 13, 2016.**

2. Other issues: The parties recognize that these proceedings are still in a preliminary stage and that discovery has not yet commenced. Accordingly, the parties agree to meet and confer in good faith about reasonable adjustments to any of the preceding limits as discovery progresses. Furthermore, to the extent the parties are unable to reach an agreement, any party may move to modify these limitations for good cause.

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times: January 21, 2016 at 8:30 am, _____.

b. A final pretrial conference will be held in this case on 10/3/17 at 9:00 o'clock a.m. A final pretrial order shall be prepared by the parties and submitted to the court no later than five (5) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. There are no discovery or scheduling issues on which counsel, after a good-faith effort, have been unable to reach an agreement.

b. Trial to a jury is anticipated to require seven to ten 11/6/17 (7-10) trial days.

c. No present request is being made to conduct appropriate pretrial proceedings in the Court's facilities in Colorado Springs, Grand Junction or Durango, Colorado.

d. Any discovery request, response to discovery, pleading, or other document that is not required to be electronically filed with the Court shall be served on another party by email. Notwithstanding the foregoing, to the extent service by email is impractical, the parties agree to serve the discovery request, response to discovery, pleading, or other document by file-transfer-protocol (FTP) or overnight delivery.

e. The parties agree that, for purposes of computing deadlines for responses to pleadings or discovery requests when such deadlines are triggered by service of a document, the additional 3 days permitted by Rule 6(d) of the Federal Rules of Civil Procedure will apply, regardless of the manner of service.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

Motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1, by containing proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

In addition to filing an appropriate notice with the clerk's office, a prose party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case. In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel,

or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

**13.   AMENDMENTS TO SCHEDULING ORDER**

The parties agree that the scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 2 day of ___JAN___, 2016.

BY THE COURT:

*/s/ Brooke Jackson*

United States ~~Magistrate~~ Judge

APPROVED:

| | |
|---|---|
| *Counsel for Plaintiff Fiber, LLC* | *Counsel for Defendant Alcatel-Lucent USA Inc.* |
| s/ George G. Matava | s/ Robert R. Brunelli |
| George G. Matava. | Robert R. Brunelli |
| george.matava@lewisbrisbois.com | rbrunelli@sheridanross.com |
| Donald E. Lake, III | Hiwot Molla Covell |
| tripp.lake@lewisbrisbois.com | hcovell@sheridanross.com |
| Thomas A. Dougherty | SHERIDAN ROSS, P.C. |
| thomas.dougherty@lewisbrisbois.com | 1560 Broadway, Suite 1200 |
| LEWIS BRISBOIS BISGAARD & SMITH LLP | Denver, CO 80202-5141 |
| 1700 Lincoln Street, Suite 4000 | Phone: 303-863-2998 |
| Denver, Colorado 80203 | |
| Phone: 303-961-7760 | Allison H. Altersohn |
| | aaltersohn@kslaw.com |
| | KING & SPALDING LLP |
| | 1185 Avenue of the Americas |
| | New York, New York 10036 |
| | Phone: 212-556-2100 |