# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

Civil Action No. 15-cv-02135-RBJ

FIBER, LLC, A WYOMING LIMITED LIABILITY COMPANY
        Plaintiff

   v.

ALCATEL-LUCENT USA INC., A DELAWARE CORPORATION
        Defendant

## CONFIDENTIALITY AND PROTECTIVE ORDER

Discovery in this case may involve the production of documents and/or witness testimony containing confidential information. For good cause shown, pursuant to Federal Rules of Civil Procedure 26(c) and 29,

IT IS HEREBY ORDERED THAT:

1.  This Order governs the handling of all Confidential Material (as defined herein), whether, by way of example and not limitation, it be documents, testimony, transcripts, responses to discovery requests, tangible things, digital information, recordings, whether audio, video or otherwise, or other information, including copies, excerpts, and summaries of such material, that is produced, disclosed, filed, or otherwise provided by Plaintiff Fiber LLC ("Plaintiff" or "Fiber"), Alcatel-Lucent USA Inc. ("Defendant" or "ALU-USA"), or any non-party in connection with discovery or other proceedings in the above-captioned action (hereinafter "action").

2. Any party or non-party shall have the right for purposes of this Order to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY" any material that it in good faith reasonably believes contains non-public, confidential, personal, proprietary, trade secret, or other commercially and competitively-sensitive information (hereinafter "Confidential Material"). The party or non-party designating such Confidential Material is referenced herein as the "Designating Person." The party or non-party that receives such Confidential Material is referenced herein as the "Receiving Party."

3. No information that is in the public domain at the time of disclosure, or becomes part of the public domain as a result of publication not involving a violation of this Order, or which is already known by the Receiving Party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential Material under this Order.

4. All Confidential Material and the substance and content thereof, including any copies, notes, memoranda, summaries, excerpts, compilations, or other similar documents relating thereto shall be used by a Receiving Party solely for purposes of this action, shall not be used by the Receiving Party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the Receiving Party to anyone other than those set forth in Paragraphs 12 and 13 as applicable, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by order of the Court. If Confidential Material is disclosed or comes into the possession of any person other than in the manner authorized by this Order, any party having knowledge of the disclosure must immediately inform the producing

party (and, if not the same person or entity, the Designating Party) and shall make reasonable efforts to retrieve such Confidential Material and to prevent further disclosures. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the action based on his or her evaluation of Confidential Material, provided that such advice and opinions shall not reveal the content of such Confidential Material and any information contained therein except by prior written agreement of counsel for the Designating Party, or by order of the Court. Such Confidential Material may not be used or disclosed except as provided in this Order.

    5.  The designation of Confidential Material for purposes of this Order shall be made as follows:

      (a)  at the time a Designating Person produces or otherwise provides documents, interrogatory responses, or other written material, the Designating Person shall have the term "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY" stamped in a conspicuous place on each page containing Confidential Material, or otherwise indicated. For protected ESI produced in image format (PDF or TIFF), the production images shall be marked with the appropriate confidentiality designation. For Protected ESI produced in native format, the file name shall contain the appropriate confidentiality designation (e.g., SMITH0001_Confidential.xls). The corresponding image placeholder shall also be marked with the appropriate confidentiality designation;

(b) Transcripts of depositions, other pretrial testimony, and exhibits thereto shall be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY" by counsel for the Designating Person either by stating on the record at the time of disclosure that the testimony and/or exhibits are "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY", or by providing written notice within twenty-one (21) calendar days after receipt of the final transcript that such testimony is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY" and requesting that the transcript be clearly marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY". All deposition transcripts shall be treated as "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY" until the twenty-one (21) day time period within which it may be appropriately designated as provided herein has passed; or

(c) at the time a Designating Person produces or otherwise provides other tangible things, the Designating Person shall have the term "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY" stamped on or otherwise indicated for them in a prominent place.

   (d) Any document or other thing marked "ATTORNEYS' EYES ONLY" shall be considered to mean "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY."

6. Any copies, excerpts, summaries, or other disclosure of the substance or contents of any material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY" shall also be treated as having the same designation and shall be appropriately marked with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY."

7. In the event that a party or non-party inadvertently omits to apply a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY" designation to any material at the time it is produced or disclosed, such party or non-party shall have the right to so designate such documents within a reasonable period of time after the omission comes to that person's attention.

8. In the event that a Receiving Party disagrees with any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY" designation, the Receiving Party and the Designating Person shall confer, pursuant to Federal Rule of Civil Procedure 37(a)(1) and Local Rule 7.1(a), and attempt in good faith to resolve the disagreement. If, after conferring, the disagreement is not resolved, the Receiving Party shall move the court challenging the designation of a particular item; however, on such motion, the Designating Party shall have the burden of proving the propriety of the designation. Until the Court rules on such a challenge, the material shall be treated as it is designated and subject to the terms of this Order. No party is obligated to challenge the propriety of any designation at the time such designation is made, and a

failure to then do so shall not preclude a subsequent challenge to the propriety of such designation.

9. Nothing herein shall prevent disclosure beyond the terms of this Order if the Designating Party specifically consents in advance in writing to such disclosure, or if a court, after notice to all parties, orders such disclosure.

10. Any Designating Person shall not be restricted in any manner with respect to the use and/or disclosure of the Designating Person's own Confidential Material.

11. Any documents or tangible things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY" that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain its protected confidential status only by order of the Court, as outlined in the Court's Practice Standards.

12. Documents and other material designated as "CONFIDENTIAL" pursuant to the terms of this Order may be disclosed only to:

    (a) No more than two (2) in-house counsel, or directors, (who are not involved in research or development for the Receiving Party, and who agree not to be involved in research or development for the Receiving Party for a period of 3 (three) years) of a party or its affiliates, as well as any immediate paralegals and staff of the party actually assisting the party's outside counsel of record or in-house counsel in preparation of this action, to whom the party's outside counsel of record reasonably believes disclosure is necessary to prepare for discovery, motions, briefs, trial, or appeal in this action, provided that such individuals consent in writing to be bound by the terms

        of this Order by executing the form confidentiality agreement attached hereto as Exhibit A;

(b)     the parties' outside counsel of record in this action, who are not employees of any party, as well as their support personnel, technical advisors, paralegals, consultants, legal secretaries, and legal clerks employed by such counsel (excluding consultants or experts who fall within section 12(f) below) working in connection with this action and to whom it is reasonably necessary to show such Confidential Material for purposes of this action;

(c)     any copying, clerical or technical litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing or processing data) and their employees and subcontractors (hereinafter "Professional Vendors"), provided that any Professional Vendor is located within the United States and agree to maintain the confidentiality of Confidential Material pursuant to this Order. For the purposes of this provision, Professional Vendors include a professional jury or trial consultant retained in connection with this action and mock jurors retained by such a consultant to assist them in their work; provided that a party may not disclose to a mock jurors Confidential Material not produced originally by that party. A party may, however, disclose to mock jurors arguments and materials prepared by a party's outside counsel that are based on such counsel's assessment of information in such Confidential Material, so long as such arguments and materials do

        not include the as-produced Confidential Material itself. Professional Vendors do not include consultants or experts who fall within section 12(f) below.

(d) any recipient, sender, or creator of such Confidential Material, provided such person is still employed by the Producing Party or otherwise has the Producing Party's consent to have access to such Confidential Material;

(e) the Court, Court personnel and the jury;

(f) any independent (unaffiliated with any party) experts or consultants, or independent contractors retained to advise or assist counsel of record for any party in the preparation, hearing, or trial of this action, and any of their employees or support personnel working on this action (hereinafter "Outside Experts and Consultants"), subject to the provisions and limitations set forth in Section 14 herein;

(g) court reporters, stenographers, and videographers retained to actually recording proceedings in this action, provided they agree to maintain the confidentiality of Confidential Material pursuant to this Order; and

(h) other persons as agreed to by the parties in writing or as permitted by the Court.

13. Documents and other material designated as "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY" pursuant to the terms of this Order may be disclosed only to:

(a) the parties' outside counsel of record in this action, who are not employees of any party, as well as their support personnel, technical advisors, paralegals, consultants, legal secretaries, and legal clerks employed by such counsel (excluding consultants or experts who fall within Section 13(e) below) working in connection with this action and to whom it is reasonably necessary to show such Confidential Material for purposes of this action;

(b) any copying, clerical or technical litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing or processing data) and their employees and subcontractors (hereinafter "Professional Vendors"), provided that any Professional Vendor is located within the United States and agree to maintain the confidentiality of Confidential Material pursuant to this Order. For the purposes of this provision, Professional Vendors include a professional jury or trial consultant retained in connection with this action and mock jurors retained by such a consultant to assist them in their work; provided that a party may not disclose to a mock jurors Confidential Material not produced originally by that party.  A party may, however, disclose to mock jurors arguments and materials prepared by a party's outside counsel that are based on such counsel's assessment of information in such Confidential Material, so long as such arguments and materials do not include the as-produced Confidential Material itself.  Professional

Vendors do not include consultants or experts who fall within Section 13(e) below.

(c)  any recipient, sender, or creator of such Confidential Material, provided such person is still employed by the Producing Party or otherwise has the Producing Party's consent to have access to such Confidential Material;

(d)  the Court, Court personnel, and the jury;

(e)  any independent (unaffiliated with any party) experts or consultants, or independent contractors retained to advise or assist outside counsel of record for any party in the preparation, hearing, or trial of this action, and any of their employees or support personnel working on this action (hereinafter "Outside Experts and Consultants"), subject to the provisions and limitations set forth in Section 14 herein;

(f)  court reporters, stenographers, and videographers retained to actually recording proceedings in this action, provided they agree to maintain the confidentiality of Confidential Material pursuant to this Order; and

(g)  other persons as agreed to by the parties in writing or as permitted by the Court.

14.  An Outside Expert and Consultant's access to Confidential Material shall be subject to the terms of this section, including the notice-and-objection provisions below, and the requirement that the individuals consent in writing to be bound by the terms of this Order by executing the form Confidentiality Agreement attached hereto as Exhibit A.  The original

Confidentiality Agreement shall be retained by outside counsel for the party that retained the Outside Expert or Consultant, and a copy shall be provided to the Producing Party.

(a) Before a Receiving Party may disclose, directly or indirectly, any Confidential Information to an Outside Expert or Consultant, the Receiving Party must give written notice to the Producing Party of the following information as it relates to the Outside Expert or Consultant:

   i. current curriculum vitae, including the full name of the individual, the city and state of his or her primary residence, and such individual's education and experience;

   ii. business address and title;

   iii. the individual's current employer; and

   iv. all companies for which the individual has consulted or been employed by, within the past five (5) years, the nature of such consultation or employment, and the years of such consulting or employment;

   v. any previous or current professional relationship with any of the parties, and

   vi. a listing of other actions (including case name, case number, and court/agency) in which the individual has testified (at trial, deposition or in a hearing), all companies for which the individual has provided consulting services, either directly or through a consulting firm, and all companies in which the individual has been employed, within the last five (5) years.

(b) A party that makes a written notice and provides the information specified in the preceding sub-paragraph may disclose the Confidential Material to the identified

Outside Expert or Consultant unless, within ten (10) business days of the written notice, the Producing Party objects in writing, in good faith, and provides with particularity the basis for its objection. There shall be no disclosure of Confidential Material to such Outside Expert or Consultant prior to the expiration of the ten (10) business day period.

(c) If an objection is made, the parties shall meet and confer within three (3) business days of the written objection to try in good faith to resolve the dispute by agreement. If no agreement is reached, the objecting Party may, within three (3) business days of the parties' failure to resolve the dispute by agreement, move the Court for an order that access to the Confidential Material be denied to the designated individual, or other appropriate relief. During that time and unless and until the Court determines otherwise, no disclosure of any such Confidential Material shall be made by the Receiving Party to any Outside Expert or Consultant to whom an objection has been made. However, if the objecting party does not move within ten (10) business days following the failure to resolve the dispute by agreement, it waives its right to object and the Receiving Party may disclose the Confidential Materials to the Outside Expert or Consultant.

15. Whenever any Confidential Material is disclosed or used at a deposition, such testimony shall be conducted only before those persons authorized under this Order to have access to such information. Use of Confidential Material in court proceedings will be addressed by motion.

16. Any Confidential Material that is produced prior to the entry of this Order by the Court shall be subject to the provisions of this Order to the same extent as if such Order had been entered by the Court as of the date such Confidential Material was produced.

17.     The inadvertent or unintentional disclosure of material that is entitled to protection under this Order, regardless of whether the material was designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY" at the time of the disclosure, shall not be deemed a waiver in whole or in part of the supplying party's or non-party's claim of confidentiality, either as to the specific material disclosed or as to any other information relating thereto or on the same or related subject matter.

18.     If any Confidential Material that is governed by this Order is subpoenaed or requested by a court or by any other person or entity purporting to have authority to require the production of such information, the person to whom the subpoena is directed (the "Subpoenaed Party") shall give prompt written notice by letter and email or facsimile to the Designating Person that includes a copy of the subpoena or request (unless prohibited by law or court order). Such prompt written notice shall be given by the Subpoenaed Party to the Designating Person promptly, and no later than five (5) business days, after the Subpoenaed Party's receipt of the subpoena or request. The date upon which such notice is given to the Designating Person shall be the "Notice Date." After the receipt of such notice from the Subpoenaed Party, the Designating Person shall have the sole responsibility for promptly moving to quash the subpoena, moving for a protective order, or seeking any order it believes necessary to prevent disclosure of Confidential Material. If the Designating Person does not move to quash the subpoena, move for a protective order, or seek another appropriate order within the time allowed by the subpoena or request (or within such time as a court may direct or as may be agreed upon between the Designating Person and the subpoenaing or requesting party) or give written notice of such motion to the subpoenaing or requesting party and the Subpoenaed Party, then the Subpoenaed Party may commence production

in response thereto on the production date designated on the subpoena or request unless the production date is less than five (5) business days from the Notice Date. In the event that the production date is less than five (5) business days from the Notice Date, then the Subpoenaed Party must wait at least five (5) business days from the Notice Date before production unless otherwise directed by a Court.

19. All Confidential Material that is produced during the course of this action and all copies thereof, including copies stored in any electronic media, upon request, shall be either returned to the producing person or party or destroyed by the party to whom the information was produced within sixty (60) days of the final termination of this action, including appeals, except that counsel may retain one copy of the production, pleadings, correspondence, depositions, any trial or hearing testimony and exhibits thereto, and attorneys' notes relating to this action, subject to the other terms of this Order.

20. The inadvertent or unintentional production of any privileged or otherwise protected information shall be dealt with as set forth below:

    (a) The receiving party shall not thereafter use documents (either in electronic or paper form) that the producing party later asserts are attorney-client privileged or work product protected unless such assertion is denied by the Court.

    (b) The parties intend to invoke the protections of Federal Rule of Evidence 502, and specifically 502(d) and (e). If a party discovers through any means that it has inadvertently produced privileged materials, non-responsive information, or information that the producing party has

objected to producing (collectively referred to as the "Inadvertently Produced Information"), the producing party may provide written notice to the receiving party that the material was inadvertently produced, which notice shall include a statement of the basis for the producing party's contention that the material is privileged or is otherwise non-responsive to any then-pending discovery requests, or subject to an objection. After receiving such notice, the receiving party must promptly return, sequester, or destroy the Inadvertently Produced Information and any copies that it has. The receiving party may promptly present the Inadvertently Produced Information to the Court under seal for a determination of whether the information is discoverable and shall not use or disclose the information until there is an agreement or adjudication that the material is discoverable. If the receiving party disclosed the Inadvertently Produced Information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the Inadvertently Produced Information until all disputes regarding the discoverability of the information have been resolved. This protocol shall be deemed to comply with the party's obligation to take reasonable steps to prevent, identify and rectify inadvertent disclosure pursuant to Fed. R. Evid. 502(b). Entry of this Order by the Court shall specifically confer the rights and protections available to the parties under Fed. R. Evid. 502(d) and (e).

21.     The provisions of this Order shall continue to be binding until modified, superseded, or terminated by Order of the Court or by agreement of the parties. The Court retains jurisdiction over the parties for enforcement of the provisions of this Order after the conclusion of the action.

22.     Nothing contained in this Order shall prejudice the right of any party to seek an Order of this Court at any time to modify or dissolve this Order.

SO ORDERED, this 17th day of February, 2016.

*[signature: Brooke Jackson]*

R. BROOKE JACKSON
UNITED STATES DISTRICT JUDGE

CONSENTED AND AGREED TO:

| *Counsel for Plaintiff Fiber, LLC* | *Counsel for Defendant Alcatel-Lucent USA Inc.* |
|---|---|
| s/ George G. Matava | s/ Hiwot Molla Covell |

George G. Matava
george.matava@lewisbrisbois.com
Donald E. Lake, III
tripp.lake@lewisbrisbois.com
Thomas A. Dougherty
Thomas.Dougherty@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
1700 Lincoln Street, Suite 4000
Denver, Colorado 80203
Phone: 303-961-7760

Steven M. Shape
LEWIS BRISBOIS BISGAARD & SMITH LLP
550 W Adams, Suite 300
Chicago, IL 60661
Steven.shape@lewisbrisbois.com

Hiwot Molla Covell
hcovell@sheridanross.com
Robert R. Brunelli
rbrunelli@sheridanross.com
SHERIDAN ROSS, P.C.
1560 Broadway, Suite 1200
Denver, CO 80202-5141
Phone: 303-863-2998

Allison H. Altersohn
aaltersohn@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Phone: 212-556-2100

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

Civil Action No. 15-cv-02135-RBJ

FIBER, LLC, A WYOMING LIMITED LIABILITY COMPANY
    Plaintiff

v.

ALCATEL-LUCENT USA INC., A DELAWARE CORPORATION
    Defendant

**EXHIBIT A**
**AGREEMENT TO BE BOUND BY CONFIDENTIALITY AND PROTECTIVE ORDER**

_____ declares that:

    I reside at _____, in the City of _____, County of _____, State of _____.

    I am currently employed by _____, located at _____, and my current job title is _____. I hereby acknowledge that I may receive materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY" ("Confidential Material") in discovery in the following action: *Fiber LLC v. Alcatel-Lucent USA INC.*, Civil Action No. 15-cv-02135-RBJ (the "Action"), pending in the U.S. District Court for the District of Colorado, Denver Division (the "Court").

4824-5796-5870.1                                            1

I certify my understanding that this Confidential Material will be provided to me pursuant to the terms and restrictions of the Confidentiality and Protective Order entered on_____, 2016, in this Action (the "Order"). I further certify that I have been given a copy of and have read the Order, and I agree to be bound by its terms.

I understand that all Confidential Material and all working copies, computer data storage, digests, or abstracts prepared from this material are to remain in my personal custody until I have completed my assigned duties, if any, whereupon all such material and all of my notes which may contain any Confidential Material must be returned to the party or counsel who provided the materials to me.

I agree that the Confidential Material that I receive shall not be disclosed to anyone else, and that this Confidential Material shall not be used for any purpose other than to prepare for discovery, trial, or appeal in the Action.

I understand that any violation of this Order may subject me to sanctions by the Court. I further agree and do hereby submit myself to the jurisdiction of the Court for all matters concerning enforcement or violation of the Order.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on _____      _____
                Date                            Signature